UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BROWN, *et al*.,<br><br>    Defendants. | Case No. 2:21-cv-02385-DAD-JDP<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS MOTIONS TO ISSUE SUMMONS AND TO TRANSFER VENUE<br><br>ECF Nos. 2, 3, 6, & 7<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, proceeding without counsel, brings this civil rights action under 42 U.S.C. § 1983, seeking to challenge orders issued in an earlier state court action. ECF No. 1. Because the court lacks jurisdiction over plaintiff's claims, I recommend that his complaint be dismissed without leave to amend. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and deny his motion to transfer venue.[1]

---

[1] Plaintiff has also filed two requests to issue summons, ECF Nos. 3 & 6, which I construe as motions to direct service against defendants. Because the complaint should be dismissed without leave to amend, I will deny those motions as moot.

1

**Motion to Transfer Venue**

Plaintiff has filed a motion to change venue, asking the court to transfer the case either to the Fresno division of this court or to the U.S. District Court for the Southern District of California. ECF No. 7.

Plaintiff's claims arise from events that occurred in Sacramento County; therefore, venue is appropriate in the U.S. District Court for the Eastern District of California, Sacramento Division. *See* 28 U.S.C. § 84(b); E.D. Cal. L.R. 120(d) (listing actions arising in Sacramento County as within the venue of the Sacramento Division). In addition, most of the witnesses and evidence—including all defendants—are located in this division.

In his motion, plaintiff complains that this case has remained pending for several months without the court issuing a summons. To the extent plaintiff seeks judicial recusal based on this delay, that request is denied. Under 28 U.S.C. § 455, [a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify himself or herself when the judge has "a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1). The standard for determining whether impartiality might be reasonably questioned is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned." *United States v. Holland*, 519 F.2d 909, 913 (9th Cir. 2008). Plaintiff's motion fails to provide facts showing that my impartiality might reasonably be questioned. Thus, recusal is not appropriate.

Accordingly, plaintiff's motion to transfer venue, ECF No. 7, is denied.

**Screening and Pleading Requirements**

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e). That statute requires the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

2

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
2  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
4  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
5  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
7  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8  n.2 (9th Cir. 2006) (en banc) (citations omitted).

9  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
10 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
11 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17 Plaintiff brings this complaint against seven defendants, alleging that his Fourth, Seventh,
18 and Fourteenth Amendment rights were violated during state court trial and appellate
19 proceedings. Three of the named defendants are judges, and two are justices. He also alleges
20 claims against two private individuals: defendants David Crowdis and Rabindra Prasad.
21 Although the complaint's allegations are not always easy to discern, it appears that Prasad was
22 the opposing party in plaintiff's state court case, and that David Crowdis was Prasad's attorney.
23 *See, e.g.*, ECF No. 1 at 1 (referring to Rabindra Prasad as doing business as Prasads Chiropractor
24 in the case caption); *id.* at 9 ("But defendants David Crowdis bar representative and Rabindra
25 Prasad attorney of records just chose not to file an opposition, but plaintiff's motion was
26 denied."); *id.* at 14 ("Corrupt court and corrupt defendant Judge Brown continued to accept
27 without signed and dated pleadings from bar representative David Crowdis and Rabindra Prasad
28 attorney which is required by the law that attorney signs all documents and date."); *id.* at 21

("[T]his document was only handed to defendant David Crowdis and Rabindra Prasad for being biased against plaintiff self-represented than bar representative attorney because bar representative David Crowdis is white.").

Although the specific factual basis for each of plaintiff's claims is difficult to glean from the complaint, it is apparent that plaintiff seeks to challenge the fairness of judicial proceedings and rulings—both by trial and appellate courts—occurring in a civil state court action between plaintiff and Prasad. *See, e.g.*, *id*. at 2 (alleging that plaintiff was improperly denied his right to an attorney and a jury trial); *id.* at 4 (referring to a "fake and phony trial"); *id.* at 8 (alleging that defendant Justice Raye aided and abetted corruption by denying his appeal, and that defendant Chief Justice Tani Cantil-Sakauye is an "accessory after the fact by denying [plaintiff's] appeal"); *id.* at 8-9 (discussing a complaint, apparently against Prasad, for "fraud" and "perjury" following a "tiny parking lot accident").

This court, however, does not have jurisdiction to review state court decisions. Under the *Rooker-Feldman* doctrine, federal courts cannot adjudicate constitutional claims that "are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief]." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Thus, the doctrine bars federal courts from adjudicating claims that seek to redress an injury allegedly resulting from a state court decision, even if the party contends the state judgment violated his or her federal rights. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); *see Feldman*, 460 U.S. at 486 ("[District courts] do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

Aside from jurisdictional issue, plaintiff cannot state a claim under § 1983 against any of the defendants. His claims against the five judicial defendants are barred by judicial immunity. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts . . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction

4

1    or performs an act that is not judicial in nature."). As for the remaining two defendants—
2    Crowdis and Prasad—plaintiff has not alleged that either acted "under color of state law," which
3    is necessary to state a claim under § 1983. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir.
4    1991) ("[P]rivate parties are not generally acting under color of state law."); *Simmons v.*
5    *Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that a lawyer in
6    private practice does not act under color of state law).
7        Accordingly, plaintiff's complaint should be dismissed for lack of jurisdiction and for
8    failure to state a claim. Given that the jurisdictional deficiencies cannot be cured by amendment,
9    I recommend that the dismissal be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446,
10   1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave
11   to amend, leave to amend should not be granted where it appears amendment would be futile);
12   *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint
13   without leave to amend is proper only if it is absolutely clear that the deficiencies of the
14   complaint could not be cured by amendment.") (internal quotation marks omitted).
15       Accordingly, it is ORDERED that:
16       1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.
17       2. Plaintiff's motions to issue summons, ECF Nos. 3 & 6, are denied.
18       3. Plaintiff's motion to transfer venue, ECF No. 7, is denied.
19       Further, it is RECOMMENDED that:
20       1. Plaintiff's complaint be dismissed without leave to amend.
21       2. The Clerk of Court be directed to close the case.
22       These findings and recommendations are submitted to the United States District Judge
23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
24   after being served with these findings and recommendations, any party may file written
25   objections with the court and serve a copy on all parties. Such a document should be captioned
26   "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
27   objections shall be served and filed within fourteen days after service of the objections. The
28   parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 27, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE